IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOHNNY GARZA, JR.,<br>Institutional ID No. 2055643,<br>SID No. 7202455,<br>Previous TDCJ Nos. 1278599,<br><br>Plaintiff,<br><br>V.<br><br>ARTURO LOVINGTON,<br>Yoakum County Jail Administrator, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>5:16-CV-280-BQ<br>ECF |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Johnny Garza, Jr. filed this action under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical needs, and thereby violated his constitutional rights during his detention at the Yoakum County Jail (Jail). He seeks monetary damages and injunctive relief.

Garza filed his Complaint on December 19, 2016 (ECF No. 1), and the United States District Court subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 7. The undersigned thereafter reviewed Garza's Complaint and authenticated records from Yoakum County, and conducted an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) and 28 U.S.C. §§ 1915 and 1915A.

Garza has not consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned enters this Report and recommends the action be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

1

I. **Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical or other prison records if they are adequately identified and authenticated").

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017). And while courts hold *pro se* plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise

the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Garza's Allegations

Garza seeks to recover damages from Arturo Lovington, Yoakum County Jail Administrator (Administrator Lovington), and "Doctor Mark"[1] for alleged violations of his constitutional rights in regard to dental care received during his time at the Jail. Specifically, Garza alleges that in May 2015, he was examined by Doctor Mark after complaining about a cracked tooth and an infected gum. *See* Pl.'s Compl., at 4. As a result, Doctor Mark prescribed antibiotics for Garza over a five month period; however, Garza claims that not only did the antibiotics not heal the infection in his gum, it became worse. *Id.* After repeated complaints of pain in his mouth, Garza alleges Jail officials took him to a dental clinic in Denver City, Texas, where a dentist "had to administer numerous medications" before pulling his cracked tooth. *Id.* Garza also claims that Administrator Lovington contributed to Garza's allegedly inadequate dental care by ignoring his complaints of pain and requests for treatment. *Id.*

### B. Garza has not pled facts establishing that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). To allege a constitutional violation, an inmate must show that the prison official acted with deliberate indifference toward his serious medical needs, resulting in an unnecessary and wanton infliction of pain. *Id.* Deliberate indifference includes both an objective and a subjective component. *Id.* at 410. The inmate must

---

[1] At the evidentiary hearing, Garza stated that he did not know Doctor Mark's last name. Garza also testified he did not know whether Doctor Mark was a medical doctor or a dentist.

show objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Once the objective element is established, an Eighth Amendment violation occurs only if a prison official (1) knew of the substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to alleviate it. *Id.* A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citations, alterations, and internal quotation marks omitted). Mere disagreement with medical treatment does not rise to the level of deliberate indifference. *Id.* Instead, an inmate must establish that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). In sum, the burden of demonstrating deliberate indifference is "an extremely high standard to meet." *Domino*, 239 F.3d at 756.

Here, Garza has not demonstrated that Defendants refused to treat him or otherwise engaged in conduct that evidences a wanton disregard for his serious medical needs. Indeed, the facts Garza alleges indicate that Defendants were responsive to his requests for treatment. At the evidentiary hearing, Garza conceded that during the five months he alleges he requested treatment for his tooth, Doctor Mark examined him three or four times and prescribed antibiotics to treat his infected gum at each examination. In addition, Garza explained that approximately five months after he first requested medical attention for his tooth, he was examined by a dentist who initially "administered numerous medications" to reduce the swelling in his gum, and after several weeks, extracted Garza's cracked tooth.

Despite receiving treatment, Garza alleges that Doctor Mark did not do enough to treat his pain and symptoms, and did not adequately treat his cracked tooth. Garza also takes issue with the amount of time it took to see a dentist and get his tooth pulled. Garza alleges Doctor Mark "negligently" prescribed him antibiotics for five months rather than pulling the tooth when Doctor Mark first discovered it was cracked. Pl.'s Compl., at 4. Mere disagreement with his medical treatment, however, does not constitute deliberate indifference. *Domino*, 239 F.3d at 756. Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001); *see also Gobert*, 463 F.3d at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). At best, Garza's allegations might amount to a claim for negligence, which is not actionable under § 1983. *Domino*, 239 F.3d at 756.

Even assuming as true Garza's allegation that he waited five months for a dentist to extract his tooth, a mere "delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm." *Fuller v. Harris Cty.*, 294 F. App'x 167, 168–69 (5th Cir. 2008) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Garza has not alleged facts demonstrating either of the foregoing. At the evidentiary hearing, Garza stated that he was told by Jail staff "he was on the wait list" to see a dentist. Garza did not allege, however, that Doctor Mark or Administrator Lovington—the named Defendants—had reason to know his health would be in substantial danger of serious injury from a delay in pulling the cracked tooth, nor did he allege that he suffered any actual substantial harm from the alleged

delay. Rather, Garza simply asserts that as a result of the delay in treatment, his tooth was sensitive to cold and his face and gums were swollen—likely symptoms of the original injury itself.

In sum, although Garza may have desired different, or more expedient, treatment, the facts he has alleged fail to demonstrate Defendants ignored or otherwise refused to treat a serious medical need. Accordingly, his claim for deliberate indifference to serious medical needs under the Eighth Amendment should be dismissed.

C. **Garza has failed to state a claim for supervisory liability because he has not demonstrated Administrator Lovington had personal involvement in Garza's medical evaluation and treatment, or implemented an unconstitutional policy.**

To the extent Garza alleges that Administrator Lovington is responsible for the actions of his subordinates, such claim must also be dismissed. A supervisory official is not liable for the acts of his subordinates unless: (1) he affirmatively participated in an act that caused a constitutional deprivation, or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement in the alleged deprivation, or implementation of an unconstitutional policy, to make a supervisor responsible under § 1983—prison supervisors "are not liable for the actions of their subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303.

At the outset, the court notes that Garza has not stated a constitutional claim; thus, he cannot state a claim for supervisory liability. *See Mouille*, 977 F.2d at 929. Even assuming he has stated a constitutional claim, however, Garza has not asserted a non-frivolous claim against Administrator Lovington based on supervisory liability. Garza does not allege that Administrator Lovington implemented an unconstitutional policy that led to his injury; rather, his claim is based on Lovington's personal involvement in the alleged violation. At the evidentiary hearing, Garza

alleged that he spoke with Administrator Lovington sometime in May or June 2015 and asked to see a dentist, but Lovington "neglected" Garza because he did not take him to a dentist for five months. As discussed above, this claim, standing alone, does not rise to the level of deliberate indifference under the Eighth Amendment. Garza received medical treatment from Doctor Mark several times during the five month period—albeit, perhaps not the treatment he believed he should have received—which belies Garza's claim that Lovington neglected or ignored him. Although Garza may have experienced some pain as a result of the cracked tooth, pain "does not . . . in and of itself demonstrate that a constitutional violation occurred." *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). Garza's "treatment may not have been the best that money could buy," but the facts he has alleged "do not show an unreasonable standard of care, and they fall far short of establishing deliberate indifference by the prison authorities." *Id.*

In sum, Garza has not stated any facts showing that Administrator Lovington personally participated in any alleged constitutional violation or implemented an unconstitutional policy. Accordingly, Garza has failed to state a claim for supervisory liability against Administrator Lovington.

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Garza's Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 18, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE